UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE ESLAVA, | NO. EDCV 09-760-CT |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

## SUMMARY OF PROCEEDINGS

On April 16, 2009, Mike Eslava ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On August 27, 2009, plaintiff filed a brief in support of remand. On September 28, 2009, the Commissioner filed a brief in opposition.


## SUMMARY OF ADMINISTRATIVE RECORD

### 1. Proceedings

On August 19, 2005, plaintiff, who previously worked as a computer analyst and, until 2000, as an insurance agent, (TR 102)[1], filed an application for disability insurance benefits, alleging disability since December 31, 2000, due to diabetes, post-traumatic stress disorder ("PTSD"), and a skin condition. (TR 81-121). The application was denied initially and upon reconsideration. (TR 55-59, 60-64).

On July 7, 2006, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 65). On August 10, 2007, plaintiff, acting pro se, appeared and testified before an ALJ. (TR 11-15, 17-25, 34-36). The ALJ also considered medical expert ("ME") testimony, (TR 15-18, 21-25), and the testimony of a lay witness, Lawrence Maldonado, (TR 37-39.) On August 30, 2007, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits. (TR 46-54). On September 10, 2007, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 8). On January 15, 2008, the request was denied. (TR 1, 4-6). Accordingly, the ALJ's decision stands as the final decision of the Commissioner.

Plaintiff subsequently sought judicial review in this court.

### 2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

order and materially summarizes the evidence in the case.[2]

## PLAINTIFF'S CONTENTIONS

Plaintiff essentially contends the ALJ erred by failing to:

1. Obtain a knowing waiver of counsel;
2. Find plaintiff's medically determinable impairments to be severe; and,
3. Afford proper weight to plaintiff's veteran's administration ("VA") 100 percent disability rating.

## STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g).

---

[2] The court observes that there appears to have been a blank page inserted into the administrative record at TR 51. The blank page appears between pages five (5) and six (6) of the ALJ's decision, and the court notes that no page of the decision or administrative record appears to be missing.

## DISCUSSION

### 1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the

person is unable to perform other work. 20 C.F.R. § 404.1520; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). Remand is appropriate where additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

2. Issues

A. Counsel (Issue # 1)

Plaintiff first argues the decision is in error because plaintiff was unrepresented and the ALJ did not provide him with proper notice of his right to counsel.

In the Ninth Circuit, a plaintiff is not required to give a knowing waiver of the right to representation. Vidal v. Harris, 637 F.2d 710, 713-14 (9th Cir. 1981) (citations omitted). Lack of counsel does not affect the validity of the hearing and warrant remand unless the plaintiff can demonstrate prejudice or unfairness in the administrative proceedings. Id.

Although plaintiff contends he was confused during the hearing, he has not established, and the record does not suggest, his hearing was prejudicial or unfair. Accordingly, there is no material legal error here and remand is not warranted on this issue.

Nonetheless, the record contains indicia that plaintiff did not understand in advance of the hearing that Mr. Maldanado could not appear as his representative and also appear as a witness.[3] (TR 12-14.) Therefore, because this matter is being remanded with respect to issue numbers 2 and, to a limited extent, issue number 3, as set forth below,

---

[3] The record also reflects that Mr. Maldanao lacked the requisite experience to act as plaintiff's representative at his hearing. (TR 13.)

in any further administrative hearing the ALJ may wish to consider providing plaintiff with more detailed information about his rights and the Commissioner's obligations in this regard.

B. <u>Impairments (Issue # 2 and Issue # 3)</u>

Plaintiff next contends the decision is in error because the ALJ did not properly evaluate the record in finding his physical and mental impairments not to be severe.

The ALJ concluded that, while plaintiff has the impairments of diabetes mellitus, a mild cervical spine disorder, a history of PTSD, and depressive disorder, none of these significantly limits his ability to perform basic work-related activities. In arriving at this conclusion, the ALJ rejected the VA conclusion that plaintiff is disabled and adopted and gave controlling weight to the findings of two consultative examiners, psychiatrist Linda Smith, M.D., (TR 205-15), and internist Ali Klein, M.D., (TR 197-202), and the psychiatric ME, (TR 27-32). The court will address plaintiff's alleged physical and mental impairments in turn.

i. <u>Physical impairments</u>

Plaintiff contends the ALJ improperly ignored the VA disability rating in finding his physical impairments not to be severe.

The ALJ did not reject the VA's assessment of plaintiff's physical functioning, however. In fact, the ALJ essentially found in accordance with the VA. The VA found that plaintiff has only minor physical impairments due to his diabetes and other issues. (<u>See</u> TR 192-94, 285-86, 296-301.) The ALJ similarly found that plaintiff suffers from medically determinable impairments, but concluded that these impairments did not significantly limit his ability to perform basic work-related

1 activities for twelve consecutive months, as is required to constitute
2 disability under the Act. (TR 48.) This conclusion is further
3 supported by the independent clinical findings of consultative examining
4 internist Ali Klein, M.D., who opined that plaintiff has no physical
5 functional limitations due to his diabetes and mild cervical spine
6 disorder. (TR 197-204.)

7 Accordingly, remand is not warranted on the basis of plaintiff's
8 physical impairments.

### ii. Mental impairments

10 Plaintiff contends the ALJ erred in finding his mental impairments
11 are non-severe at step two of the sequential evaluation because,
12 essentially, the ALJ did not give sufficient weight to the VA conclusion
13 that plaintiff is totally disabled due to PTSD and because the ME's
14 testimony in this regard was flawed.

15 A mental impairment, such as depression or PTSD, may constitute a
16 disability within the meaning of the Act. See Briggs v. Sullivan, 954
17 F.2d 534, 535 (9th Cir. 1992). The mere presence of a mental impairment
18 does not establish entitlement to benefits, however. In order for
19 plaintiff to recover benefits, the evidence must establish that the
20 impairment is accompanied by a physiological or functional loss
21 establishing an inability to engage in substantial gainful activity.
22 Barker v. Secretary of Health & Human Servs., 882 F.2d 1474, 1477-78
23 (9th Cir. 1989).

24 Significantly, plaintiff is not required to establish total
25 disability at step two of the sequential evaluation. Rather, the severe
26 impairment requirement is a threshold element which plaintiff must prove
27 in order to establish disability within the meaning of the Act. Bowen

v. Yuckert, 482 U.S. 137, 146 (1987); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005)("Step two, then, is "'a de minimus screening device [used] to dispose of groundless claims.'")(citing Smolen v. Chater, 80 F. 3d 1273, 1290 (9th Cir. 1996)).

In evaluating whether a mental impairment is severe, once the Commissioner determines that a mental impairment exists, the Commissioner must then evaluate the degree of functional loss it causes by rating plaintiff's level of functional limitation in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) deterioration or decompensation in work or work-like settings. If an individual's limitations are rated as mild in the first three areas and the individual has had no episodes of deterioration or decompensation, the mental impairment will normally be found to be not severe. 20 C.F.R. § 404.1520a.

In finding plaintiff's mental impairments not to be severe, the ALJ expressly rejected the findings of the VA to the effect that plaintiff is unable to work due to PTSD. (TR 53.) Although, as plaintiff suggests, the ALJ should normally give weight to a VA disability finding, the ALJ is not wholly bound by a VA determination and may reject it if the ALJ finds there are specific and valid reasons for doing so in the evidence of record. McCartney v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002); See also Valentine v. Comm'r of Social Sec. Admin., - F.3d -, 2009 WL 2138981, *7-*9 (9th Cir., July 20, 2009) (holding the ALJ provided legally sufficient reasons to reject the VA disability rating by setting out legally sufficient reasons to reject the VA physician's opinions, particularly given that she considered

additional medical evidence not available to the VA).

The medical evidence is in conflict with respect to whether plaintiff suffered from PTSD during the relevant time period, and in general it is the province of the ALJ to resolve that conflict. See Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007)(citations omitted). The ALJ set out specific findings with respect to the VA disability rating, and ultimately concluded that the independent clinical findings and diagnoses of consultative examiner Dr. Smith, and the ME's conclusion based upon his review of the record-both to the effect that plaintiff does not suffer from any functional loss due to a mental impairment-were better supported than the VA's findings. (TR 50-52.)

Based upon the current record, the court is unable to agree. The court finds the record is not sufficiently developed to enable the ALJ to determine whether plaintiff currently suffers from a severe psychiatric impairment, or whether his inconsistent answers and statements, and his sometimes bizarre behavior,[4] are deliberate attempts to portray himself as an individual with a mental impairment so severe that it is disabling and so that he can obtain benefits under the Act. As it stands, the opinions of plaintiff's treating doctors and the consultative psychiatrist stem from plaintiff's self-reporting and do

---

[4] For example, when filling out paperwork at his consultative psychiatric examination, plaintiff went out to a truck to consult with someone waiting there. (TR 205-08.) Also, during the hearing before the ALJ, plaintiff testified that he was in a wheelchair every day the week prior to the hearing. (TR 17-20.) This assertion was easily disproved because plaintiff had been observed walking without the aid of an assistive devise in the Social Security Administration offices the week prior to the hearing and, moreover, his own witness contradicted this assertion. (TR 20-21.)

9

not refer to objective testing that includes a validity measure. The record, therefore, should be further developed in this regard.

Accordingly, on remand the Commissioner should further develop the record with respect to plaintiff's mental capacity and by seeking objective evidence with regard to plaintiff's degree of frankness. In particular, the ALJ should arrange another consultative psychiatric examination at which there is an attempt to administer the Minnesota Multiphasic Personality Inventory ("MMPI")[5] or another similar test designed, among other things, to measure plaintiff's degree of frankness. The ALJ should also attempt to determine whether the VA provided to the Commissioner all of its records relating to plaintiff's mental impairments and should, in particular, attempt to obtain any VA records that include the results of objective psychological tests which include a validity measure.

Following this, the Commissioner should reassess whether plaintiff has a severe mental impairment and, as part of this assessment, reevaluate and re-weigh both plaintiff's VA records relating to his mental impairments and Dr. Smith's report. The court concludes that the Commissioner may then wish to continue through the sequential evaluation, irrespective of the findings at step two, in order to make alternative findings, because an individual found to have a severe

---

[5] The MMPI is defined as "[a]n empirical scale of an individual's personality based mainly upon his own yes-or-no responses to a questionnaire of 550 items; designed to provide scores on all the more important personality traits and adaptations, and including special validating scales which measure the individual's test-taking aptitude and degree of frankness." Kearney v. Standard Ins. Co., 175 F.3d 1084, 1092 n.3 (9th Cir. 1999) (citation omitted).

1  impairment may not have a disabling impairment as defined by the Act.
2  See 20 C.F.R. § 404.1520.
3      The court observes that there is evidence of substance abuse in the
4  record. (See, e.g., TR 26, 46.) If plaintiff is found to be disabled
5  at the conclusion of the five-step sequential evaluation, the
6  Commissioner shall also further develop the record with respect to any
7  drug addition or alcoholism, and determine the materiality of any drug
8  addiction or alcoholism. See 20 C.F.R. § 416.935(a) ("*[i]f* we find that
9  you are disabled and have medical evidence of your drug addiction or
10 alcoholism, we must determine whether your drug addiction or alcoholism
11 is a contributing factor material to the determination of disability")
12 (emphasis added). See also Bustamonte v. Massanari, 262 F.3d 949, 955
13 (9th Cir. 2001).

## REMAND IS APPROPRIATE IN THIS CASE

15     The decision whether to remand a case for additional evidence is
16 within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226,
17 1232 (9th Cir. 1987). Remand is appropriate if the record is incomplete
18 and additional proceedings would remedy defects in the Commissioner's
19 decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).
20     Having considered the record as a whole, it appears that the
21 present record is insufficiently developed.

## CONCLUSION

23     Accordingly, it is ordered that the matter be **REMANDED** pursuant to
24 //
25 //
26 //
27 //

1  sentence four of 42 U.S.C. §405(g) to the Commissioner for further
2  administrative action consistent with this opinion.

DATED: September 29, 2010

_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE